IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS PENSION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS EDUCATION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS RETIREMENT FUND, | ) ) ) ) ) ) ) ) ) | FILED: AUGUST 20, 2008 <br> 08CV4725 <br> JUDGE DARRAH <br> MAGISTRATE JUDGE DENLOW |
| Plaintiffs, | ) No. _____ ) Judge _____ ) Magistrate _____ ) | TC |
| v. | ) ) | |
| HURON MECHANICAL INDUSTRIES, | ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS PENSION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS EDUCATION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS RETIREMENT FUND, by their attorneys, DONALD D. SCHWARTZ, PHILIP BRZOZOWSKI and ARNOLD AND KADJAN, complain against Defendant, HURON MECHANICAL INDUSTRIES, an Illinois corporation, as follows:

1.  (a)  Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

(b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, et al. ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Plumbers and Pipefitters Local 501 ("Local 501") and certain employer associations whose members' employees are covered by the collective bargaining agreement with the Local 501. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws. The funds are administered pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

4. (a) Defendant, HURON MECHANICAL INDUSTRIES, ("HURON"), is an Illinois corporation and is doing business within this Court's jurisdiction.

(b) HURON is an employer engaged in an industry affecting commerce.

5. HURON has entered into a collective bargaining agreement with Local 501 pursuant to which it is required to make periodic contributions to the Funds on behalf of certain of its employees.

6. By virtue of certain provisions contained in the collective bargaining agreements, HURON is bound by the Trust Agreement establishing the Funds.

7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, HURON is required to make contributions to the Funds on behalf of its employees for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the collective bargaining agreements and the Trust Agreement and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8. Plaintiffs are advised and believe that for the period January 1, 2002 through July 29, 2008, HURON has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreement and Trust Agreement by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

9. An audit by the Plaintiffs' accountant of the books and records of Defendant, KOR was performed by the independent Accounting and Auditing Firm of BANSLEY and KIENER and which was completed on July 15, 2008, and that audit showed that KOR owes $540,592.94 in unpaid fringe benefit contributions in violation of their contract with the plaintiff Funds..

10. Due to its failure to pay the contributions, HURON is further obligated to pay the cost of the audit, of up to a 20% penalty on all amounts owed, and costs and attorney's fees for the plaintiff bringing this action.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. That Judgment be entered for Plaintiffs and against Defendant, in the amount shown to be due under such audit.

B. That Defendant be enjoined from willfully violating the terms of the collective bargaining agreement and trust instruments by failing to make timely payments to the Funds.

C. That Plaintiffs be awarded liquidated damages, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. Section 1132 (g)(2), in the amount of up to 20% of the contributions found due pursuant to the Audit.

D. That Plaintiffs be awarded their costs herein, including Audit costs and reasonable attorneys' fees incurred in the prosecution of this action and pre-judgment interest provided for by the applicable agreements and/or Section 502(g)(2) of ERISA.

E. That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

Respectfully submitted,
**BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, et al.**

By:_____
     One of their Attorneys

L. Steven Platt #3122005

ARNOLD AND KADJAN  
19 West Jackson Blvd.  
Chicago, Illinois 60604  
(312) 236-0415

**EXHIBIT 1**